R. Lind Stapley, OSB No.: 030531
stapley@sohalang.com
Soha & Lang, P.S.
1325 Fourth Ave., Ste 2000
Seattle, WA  98101-2570
(206) 624-1800
(206) 624-3583 (fax)
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND

| | |
|---|---|
| **PACIFIC INDEMNITY COMPANY, WESTCHESTER FIRE INSURANCE COMPANY f/k/a ACE INDEMNITY INSURANCE COMPANY f/k/a CIGNA INDEMNITY INSURANCE COMPANY f/k/a ALASKA PACIFIC ASSURANCE COMPANY,**<br><br>                    Plaintiffs,<br><br>  vs.<br><br>**AVISON LUMBER COMPANY, an Oregon corporation,**<br><br>                    Defendant. | Civil No. 3:20-cv-154<br><br>**COMPLAINT FOR DECLARATORY RELIEF:  APPROVAL OF GOOD FAITH SETTLEMENT UNDER ORS 465.480** |

1.

COMES NOW Pacific Indemnity Company ("Pacific") and Westchester Fire Insurance Company f/k/a ACE Indemnity Insurance Company f/k/a CIGNA Indemnity Insurance Company f/k/a Alaska Pacific Assurance Company ("Westchester") and presents the following

COMPLAINT FOR DECLARATORY RELIEF:  APPROVAL OF GOOD FAITH SETTLEMENT UNDER
ORS 465.480 – 1
No.  3:20-cv-154

1200.00344 lm23e10343

Complaint for Declaratory Relief seeking approval of a good faith settlement under ORS 465.480(4).

## PARTIES

2.

Pacific is an insurance company organized under the laws of Pennsylvania, with its principle place of business in Pennsylvania.  Pacific does business in Oregon and has a registered agent in this jurisdiction.  Pacific issued liability policies of insurance to Avison Lumber Company.

3.

Westchester is an insurance company organized under the laws of Pennsylvania, with its principle place of business in Pennsylvania.  Pacific does business in Oregon and has a registered agent in this jurisdiction.  Westchester issued liability policies of insurance to Avison Lumber Company

4.

Avison Lumber Company ("Avison") is an Oregon corporation with its principle place of business in Oregon.

## VENUE AND JURISDICTION

5.

This court has the authority to grant declaratory relief pursuant to 28 U.S.C. § 2201. There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

7.

Avison represents that the Oregon Department of Environmental Quality ("ODEQ") and/or other governmental entities or third-parties have presented or may present claims of environmental claims implicating Avison at the following contiguous locations located in Clackamas County, Oregon:  (1) Avison Lumber – Mill #1 (ODEQ ECSI Site No. 4014), and (2) Floragon Forest Products (ODEQ ECSI Site No. 252) (collectively the "Underlying Claims").

8.

Avison asserts that the Underlying Claims are covered under the policies of insurance issued by Pacific and Westchester to Avison.

9.

Avison asserts that it has incurred substantial fees and costs for investigation, risk assessment, legal defense and litigation arising from the Underlying Claims and has spent substantial sums for the remediation and mitigation of the Underlying Claims including significant amounts of defense and/or indemnity costs that Avison alleges has not been reimbursed by any other insurer.

10.

Avison expects to incur additional substantial costs in the future arising from the Underlying Claims.

11.

Pacific and Westchester dispute that they owe coverage for the Underlying Claims and dispute the amounts Avison has asserted are owed under the Pacific and Westchester policies for the Underlying Claims.

12.

Pacific has been providing a defense to Avison for the Underlying Claims under a reservation of rights since 2008 and Westchester agreed to participate in Avison's defense under a reservation of rights in 2016. Pacific and Westchester have previously paid at least $790,800 in defense costs and $480,000 in indemnity costs under the Policies for the Underlying Claims.

13

Avison, Pacific and Westchester participated in a confidential mediation with mediator Richard Lee (the "Mediator") to address Avison's claims for coverage under the Pacific and Westchester policies for the Underlying Claims.

14.

Each party, having considered the risks associated with the Underlying Claims, and each having considered their litigation risks with respect to the issues of coverage as well as the costs of further coverage litigation and possible judgments, including judgments for interest, other awarded damages and attorney fees, Avison, Pacific and Westchester reached a mediated, negotiated resolution of the Underlying Claims during the course of the mediation process, subject to the terms and conditions of an executed settlement agreement ("Settlement Agreement").

15.

Under the Settlement Agreement, Pacific and Westchester agreed to pay a sum certain into a fund to be used by Avison to address the Underlying Claims.

## CLAIM FOR RELIEF

16.

ORS 465.480(4)(b) provides that a settlement agreement between an insured and insurer that has been approved by a court of competent jurisdiction after 30 days' notice to other insurers is a good-faith settlement agreement with respect to all such insurers to whom such notice was provided.

17.

ORS 465.480(a) then precludes rights of contribution against insurers that have entered into a good-faith settlement agreement with the insured.

18.

The parties now seek a declaration that the settlement agreement executed between Avison, Pacific and Westchester is a good-faith settlement agreement under ORS 465.480(4).

## V.   PRAYER FOR RELIEF

WHEREFORE, Pacific, Westchester and Avison respectfully requests that this Court enter a finding that the settlement agreement executed between Avison, Pacific and Westchester is a good-faith settlement agreement under ORS 465.480(4).

Respectfully submitted this 27 day of January, 2020.

        SOHA & LANG, P.S.

        By: _/s/Lind Stapley_
         R. Lind Stapley, OSB # 030531
         Phone No.: 206-624-1800
         Attorneys for Plaintiffs